## Andrew J. Turner
### v.
## George C. Armstrong.

1. ATTACHMENT—FORTHCOMING BOND.—As a general rule, any voluntary obligation, entered into for a valuable consideration by parties capable of contracting, is valid at common law, unless it is repugnant to the statute or contravenes the policy of the law. So, an instrument in this form: "I acknowledge myself bound to A. J. Turner for the delivery of twenty-five sacks of wheat, levied on as the property of John D. Adams and Robert Jones, by attachment, if so ordered by the court on the 16th of August, 1878," is good as a forthcoming bond.

2. ESTOPPEL.—The attachment was a lien upon the property attached, and vested a special interest therein in the attaching officer, and appellee hav-

Turner v. Armstrong.

ing received the property from him, cannot now be heard to deny the validity of the agreement under which he obtained possession.

3. CONTINUANCE OF CASE DOES NOT AFFECT BOND.—The fact that the cause was continued from time to time, and return of the property was not in fact ordered by the court until October 18th, does not relieve appellee from liability on his undertaking.

4. LIMIT OF RECOVERY WHEN BOND SUED BY ATTACHING OFFICER.—In case of a forthcoming bond given to an attaching officer, such officer when suing upon such bond is entitled to recover so much as is necessary to satisfy his execution, unless the property was worth less than the amount due; in which case, the value of the property would be the measure of damages.

ERROR from the Circuit Court of Morgan county; the Hon. CYRUS EPLER, Judge, presiding.    Opinion filed June 21, 1881.

Messrs. BARNES & BARNES and Mr. GEO. W. SMITH, for appellant; that the lien of the attachment continued notwithstanding the bond or instrument given by appellee, cited The People v. Cameron, 2 Gilm. 468; Brush v. Squires, 24 Ill. 254; Hagan v. Lucas, 10 Pet. 401.

In a suit upon a delivery bond the obligor cannot deny the title to the property to be in the attachment debtor: Purcell v. Steele, 12 Ill. 401.

Suit may be brought in the name of the officer to whom the bond was given, or in that of the plaintiff in attachment: Young v. Campbell, 4 Gilm. 156; Buckmaster v. Barnes, 3 Gilm. 1; Rev. Stat. 1874, Title "Attachment," § 18.

Mr. C. HARRY DUMMER, for appellee; that the instrument in question is not a forthcoming bond, cited Rev. Stat. 1877, 148, § 14.

HIGBEE, P. J.    This suit was commenced before a justice of the peace on the following agreement:

"August 4th, 1878.

"I acknowledge myself bound to A. J. Turner, for the delivery of twenty-five sacks of wheat, levied on as the property of John D. Adams and Robert Jones, by attachment, if so ordered by the court on the 16th of August, 1878.

(Signed):                                        G. C. ARMSTRONG."

After a trial before the justice the cause was appealed to the circuit court, where a trial was had, resulting in a judgment in favor of the defendant, from which the plaintiff below appeals to this court.

Appellant was a constable, and as such had in his hands, when the agreement was signed, a writ of attachment in favor of Jones, and against Adams, returnable on the 16th day of August, 1878, to the justice who had issued it.

By virtue of the writ, appellant had levied upon the wheat described in the agreement, upon the premises of appellee.

It is objected that this is not such a forthcoming bond as is required by the statute, and that it is for that reason void. Rev. Stat. 1880, p. 149, Sec. 14.

It is a general rule that any voluntary obligation or agreement entered into for a valuable consideration by parties capable of contracting, is valid at common law, unless it is repugnant to the statute, or contravenes the policy of the law. United States v. Linn, 15 Peters, 290; Prichett et al. v. The People, 1 Gilm. 525.

The agreement was voluntary, upon a sufficient consideration, by parties capable of contracting, is not prohibited by statute, nor is it inconsistent with the common law.

The attachment in the hands of appellant was a lien upon the property and vested in him a special interest therein, and appellee having received the same from him cannot now be permitted to deny the validity of the agreement under which he obtained the possession.

Appellee also insists that he is not bound by the agreement because the court did not order the return of the property on the 16th day of August, the return-day of the writ.

It appears that the cause was continued by the justice from time to time, until the 18th day of October, when a judgment was rendered against appellee for $72.45, and costs of suit, and an execution placed in the hands of appellant for collection. Appellant on receiving this execution, demanded the return of the wheat from appellee, who refused to comply with the demand, saying that the same had been sold and the money paid to Adams.

The object of the agreement was to secure the return of the property when it should be needed to satisfy any judgment which might be rendered in the cause, and it was so understood by the parties. The fact that the judgment was rendered on a day subsequent to the day named in the agreement, is wholly unimportant. Time was not the essence of the contract, and it was the duty of appellee to return the property on any subsequent day when the officer was entitled to demand and receive it.

Appellant not being the general owner of the property was entitled to recover so much as was necessary to satisfy his execution, unless the property was worth less than the amount due, in which case the recovery should be limited to the value of the wheat in controversy.

Judgment reversed and cause remanded.

Reversed.